# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LOCAL UNION 513, INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:17CV1084 RLW ) |
| JAMES MARTIN EXCAVATING, INC., JAMES MARTIN and DAVID MARTIN, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Fourth Motion for Contempt. (ECF No. 38) In light of procedural history of this case, as explained below, the Court denies the motion and dismisses the case for Plaintiffs' failure to prosecute.

On December 11, 2017, the Court granted Plaintiffs' Renewed Motion for Partial Default Judgment and ordered Defendants James Martin Excavating, Inc., James Martin, and David Martin (collectively referred to as "Defendants") to

> provide to Plaintiffs within thirty (30) days of the date of this Order, all of Martin Excavating's individual compensation records, payroll registers, payroll journals, time-cards, federal and state tax forms, W-2 forms and 1099 forms, state quarterly tax returns, workers compensation reports, fringe benefit records and reports, job cost records, general ledger with cash disbursement and supporting documents, accounts receivables, invoices, and check stubs for the period of May 1, 2014 to the present.

(ECF No. 16, at 2) Plaintiffs maintain that Defendants have failed to comply with this Court's Order and request that this Court hold Defendants in civil contempt for failure to comply with the December 11, 2017 Order.

On April 17, 2018, Plaintiffs filed their first Motion for Contempt (ECF No. 18)  On June 20, 2018, the Court ordered Defendants to respond no later than July 5, 2018.  (ECF No. 19)  This Order was sent via regular mail and UPS.  (*Id.*)  After Defendants failed to respond, the Court issued a second order on September 5, 2018, which gave Defendants until September 21, 2018 to respond.  (ECF No. 20)  This Order was also sent via mail and UPS, but the UPS envelope was returned on September 19, 2018 as undeliverable after third attempt.  (ECF No. 21)  On October 18, 2018, the Court ordered Plaintiffs to effect service of the September 5, 2018 Order on Defendants by special process server.  (ECF No. 22)  On November 8, 2018, Plaintiffs filed a memorandum and accompanying affidavit showing a process server personally served Defendants James Martin and David Martin on November 3, 2018.  (ECF No. 23)  Defendants failed to timely respond to the Court's Order.

On January 28, 2019, the Court set a hearing on Plaintiffs' motion for contempt for February 12, 2019 and again ordered Plaintiffs to effect service on Defendants by special process server.  (ECF No. 24)  On February 11, 2019, the Court canceled the scheduled hearing and denied Plaintiff's motion for contempt without prejudice for failure to timely effect service.  (ECF No. 25)

On February 11, 2019, Plaintiffs filed their second Motion for Contempt.  (ECF No. 26)  On September 10, 2019, the Court set a hearing for September 30, 2019 and again ordered Plaintiffs to effect service on Defendants by special process server.  (ECF No. 32)  On September 27, 2019, the Court canceled the scheduled hearing and denied the second motion for contempt without prejudice for failure to timely effect service.  (ECF No. 33)

On September 30, 2019, Plaintiffs filed their third Motion for Contempt.  (ECF No. 34)  On October 1, 2019, the Court set a hearing for November 20, 2019 and again ordered Plaintiffs

to effect service on Defendants by special process server. (ECF No. 35) On October 17, 2019, Plaintiffs filed a memorandum and accompanying affidavit showing a process server personally served Shirley Martin (the wife of Defendant James Martin who acknowledged she is associated with the business) at 5401 Keller Road, St. Louis, MO 63128 on October 3, 2019. (ECF No. 36) The process server also attests that he personally served David Martin, who was admitted into a hospital, at 10010 Kennerly Road (Room 4621), St. Louis MO 63128 on October 4, 2019. (*Id.*) No party or counsel in this matter appeared for the hearing on November 20, 2019, and the Court denied Plaintiffs' third Motion for Contempt without prejudice. (ECF No. 37)

On December 26, 2019, Plaintiffs filed their Fourth Motion for Contempt. (ECF No. 38) On January 2, 2020, the Court set a hearing for January 23, 2020 and again ordered Plaintiffs to effect service on Defendants by special process server. (ECF No. 39) Specifically, the Court ordered that

> Plaintiffs shall effect service of this Order, the Court's Order of December 11, 2017 (ECF No. 16), and a copy of the Fourth Motion for Contempt and accompanying Memorandum in Support (ECF Nos. 38, 38-1) on Defendants by special process server. **Plaintiffs shall file proof of service no later than January 16, 2020.** *Failure to show adequate evidence of prompt service may result in the overruling of Plaintiffs' Fourth Motion for Contempt (ECF No. 38) or in dismissal of the case without prejudice for failure to prosecute.*

(Bold and underline in January 2, 2020 Order; italics added) On January 17, 2020, Plaintiffs filed a memorandum with accompanying affidavits and photos showing a process server named Cody Terry "posted" copies of the Court's Orders at the address Plaintiffs purport is associated with Defendant David Martin (12950 Peter Moore Lane, DeSoto MO 63020)[1] on January 16, 2020. (ECF Nos. 40, 40-1) Based on the attached photo, it appears the Orders were affixed with

---

[1] No filing has explicitly stated whether these addresses are Defendants James and David Martins' respective home addresses.

tape to a fence post.  (ECF No. 40-1 at p. 2)  A second process server named Rebecca Watters "posted" copies of the Orders at the address Plaintiffs purport is associated with Defendant James Martin (5401 Keller Road, St. Louis MO 63128) on January 16, 2020.  (ECF Nos. 40-2, 40-3)  Based on the attached photo, it appears the Orders were affixed with tape to the door of a residence.  (ECF Nos. 40-2 at p. 2, 40-3 at p. 2)

Federal Rule of Civil Procedure 5 establishes the standard for effecting service of pleadings and other papers, including when a court order states service is required.[2]  *See* Fed. R. Civ. P. 5(a)(1)(A).  Rule 5 provides, in relevant part, that service can be effect by:

> (A) handing it to the person;
> (B) leaving it:
>> (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or
>> (ii) if the person has no office or the office is closed, *at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there*[.]

(Emphasis added)  Here, Plaintiffs have not demonstrated they effected service in compliance with the rules.  Affixing copies of the Court's Orders to the front door of Defendant James Martin's residence and a fence post on or near Defendant David Martin's property clearly does not comport with Rule 5's requirement that such papers be either given directly to the party or left with someone of suitable age and discretion who resides at the party's dwelling.[3]  In light of the procedural history of this case, Plaintiffs' counsel's failure to appear at the November 20, 2020 hearing, and Plaintiffs' repeated inability to effect service in compliance with Court orders,

---

[2] Rule 4 applies to initial summonses.
[3] The Court notes that Plaintiffs have previously submitted proof of personal service on both individual Defendants, including the one instance where Defendant David Martin was served personally in his hospital room.  (ECF No. 36)

- 4 -

the Court finds it appropriate to dismiss the case without prejudice for Plaintiffs' failure to prosecute their case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Fourth Motion for Contempt (ECF No. 38) is **DENIED without prejudice** for failure to timely effect service and the hearing scheduled for Thursday, January 23, 2020 at 11:30 a.m. is **CANCELED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice for Plaintiffs' failure to prosecute**. A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 22nd day of January, 2020.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**